UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **RICHARD L. WALKER** <br> **LA. DOC # 1566456** | **CIVIL ACTION NO. 3:07-CV-0759** <br> **Section P** |
| **VERSUS** | **JUDGE JAMES T. TRIMBLE, JR.** |
| **RICHARD FEWELL, SHERIFF,** <br> **ET AL.** | **MAG. JUDGE KAREN L. HAYES** |

### REPORT AND RECOMMENDATION

Plaintiff Richard L. Walker filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on April 24, 2007.  Doc. # 1.  Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections.  He is incarcerated at Ouachita Correctional Center ("OCC") in Monroe, Louisiana.  Plaintiff sued Richard Fewell, former Sheriff of Ouachita Parish; Deputy Shawn Oglesby; Sergeant Alan Greene; Staff Sergeant Ernest Davis; and John Doe, requesting compensation for his pain and suffering.  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### Background

On March 22, 2007, plaintiff was arrested for attempted burglary, resisting by flight, and resisting an officer by refusing to make identification known.  Plaintiff contends that he was subjected to excessive force while being booked into OCC.

On June 22, 2011, the undersigned held an evidentiary hearing pursuant to 28 U.S.C. § 636(b)(1)(B) and *Flowers v. Phelps*, 956 F.2d 488 (5th Cir. 1992), *modified on other grounds*, 964 F.2d 400 (5th Cir. 1992).  *See* Mins, June 22, 2011 [Doc. # 53].  At the evidentiary hearing,

the court heard testimony from the plaintiff, defendants Oglesby and Greene, Monroe Police Officer James B. Crouch, Deputy Charles Ervin, and Sergeant Nancy Broadway. The court also received into evidence, without objection, the following exhibits introduced by defendants,

100. Incident Report dated March 22, 2007, completed by Deputy Ervin;

101. Incident Report dated March 22, 2007, completed by Deputy Ervin, concerning the use of taser by "drive-stun" method;

102. Incident Report dated March 22, 2007, completed by Sergeant Greene;

103. Incident Report dated March 22, 2007, completed by Deputy Oglesby;

104. Incident report dated March 22, 2007, completed by Sergeant Broadway;

105-1. Affidavit of Probable Cause for Arrest without Warrant, dated March 22, 2007;

105-2. Initial Arrest Report and Booking Information re: Richard Walker;

106. Receiving / Screening Report dated March 22, 2007;

107. Suspect Rap Sheet;

108. Booking Report dated March 22, 2007;

109. Photographs of booking area at OCC;

110. Monroe Police Department Offense Report dated March 22, 2007; and

111. Monroe Police Department Supplemental Offense Report dated March 29, 2007.

At the conclusion of the hearing, the undersigned took the matter under advisement.

## LAW AND ANALYSIS

"An evidentiary hearing consistent with *Flowers v. Phelps* amounts to a bench trial replete with credibility determinations and findings of fact." *Adkins v. Kaspar*, 393 F.3d 559, 563 (5th Cir. 2004) (citations and internal quotation marks omitted). Further, "[a] civil plaintiff

seeking to recover damages for use of excessive force must prove his claim by a preponderance of the evidence." *Yarrito v. Cook*, 1995 WL 17788756 (5th Cir. June 22, 1995) (unpubl.) (citation omitted). "Preponderance" means that it is more likely so, than not so. *Matter of Briscoe Enterprises, Ltd., II*, 994 F.2d 1160, 1164 (5th Cir. 1993) (citation omitted). It remains within the province of the finder of fact to weigh conflicting evidence and inferences and to determine the credibility of witnesses. *See Yarrito*, *supra*.

I.   **Plaintiff's Claim of Excessive Force**

An excessive use of force claim requires a plaintiff to demonstrate that he suffered "(1) an injury (2) which resulted directly and only from the use of force that was excessive to the need and (3) the force used was objectively unreasonable." *Lockett v. New Orleans City*, 607 F.3d 992, 999 (5th Cir. 2010) (citation omitted). Furthermore, the "injury must be more than a *de minimis* injury and must be evaluated in the context in which the force was deployed." *Id*. Plaintiff must have "suffered at least some form of injury." *Glenn v. City of Tyler*, 242 F.3d 307, 314 (5th Cir. 2001) (citations and internal quotation marks omitted).

Here, Plaintiff claims that, during booking into OCC on March 22, 2007, the officers used excessive force. At the evidentiary hearing, Plaintiff testified that, when he was booked into OCC, he gave officers a "fake name." Hrg., June 22, 2011. When Sergeant Oglesby recognized Plaintiff from previous encounters, Plaintiff testified, Sergeant Oglesby instructed Plaintiff to provide his real name. *Id.* When Plaintiff refused to do so, the booking officers attempted to "choke [Plaintiff] out," kicked his legs out from under him, and tasered him. *Id.* Plaintiff stated that he never lost consciousness; that he was taken to the ground; and that he was tasered for "three or four minutes" in one spot. *Id.* After the tasing, Nurse Broadway provided smelling

salts to Plaintiff; he was then taken to isolation and received Ibuprofen, but was "denied" medical attention for his back, which he alleges was injured during the booking. *Id.*

Under cross-examination by defense counsel, Plaintiff stated that he originally gave his name as "Eric Duncan." *Id.* Plaintiff again stated that Nurse Broadway did not provide him smelling salts until after the tasing occurred. *Id.* Plaintiff testified that, earlier in the day, he had smoked three to four marijuana joints laced with PCP, and had a "couple of beers." *Id.*

Testimony by Monroe Police Officer James Crouch adduced that, at the time of his arrest, Plaintiff was "somewhat" compliant, and was "not combative at the scene." *Id.* Officer Crouch confirmed that Plaintiff provided his name as "Eric Duncan." *Id.* Sergeant Shawn Oglesby testified that he recognized Plaintiff when he was brought to booking, and that Plaintiff did not provide any difficultly until he arrived at the booking desk. *Id.* It was when he was questioned at the booking desk that Plaintiff would not provide answers to any of the questions. *Id.* Nurse Broadway was summoned to check on Plaintiff, who was by this time leaning against the booking counter with his eyes closed. *Id.* Nurse Broadway testified that she administered one ammonia capsule to Plaintiff, but he did not react. *Id.* When she administered a second capsule to Plaintiff, he came up off the counter, and lifted his hand as if to strike Nurse Broadway. *Id.*

It was at this time that Sergeant Oglesby grabbed Plaintiff to keep him from striking Nurse Broadway. *Id.* Sergeant Oglesby testified that Plaintiff began to struggle and attempted to push the Sergeant away from him. Deputies Greene and Ervin then arrived to assist Sergeant Oglesby. *Id.* Plaintiff continued to struggle with the deputies, and was taken to the floor and tasered by Deputy Ervin. Deputy Ervin testified that he tasered Plaintiff one time. *Id.* Deputy Ervin further testified that, in his experience, each time someone is tasered it lasts "about five

seconds." *Id.*

The testimony adduced at the hearing shows that Plaintiff did not and has not suffered a cognizable injury, let alone that it resulted from unreasonable use of force. *Lockett v. New Orleans City*, 607 F.3d at 999. Plaintiff did not testify to suffering any injury other than a sore back, and there is no evidence that Plaintiff sought or was provided any type of medical treatment as a result of the alleged unreasonable use of force by the officers involved. Deputy Ervin's use of the taser was reasonable under the circumstances, as Nurse Broadway, Sergeant Oglesby, and Shift Sergeant Greene all testified that Plaintiff moved as if to strike Nurse Broadway. Despite Plaintiff's claim that he was not administered the smelling salts until after he was tasered, it is more reasonable to conclude that Nurse Broadway administered the ammonia capsules to Plaintiff - who had ingested various intoxicating agents during the day - prior to his being tasered. The undersigned finds the testimony of the officers and Nurse Broadway more credible than that of the Plaintiff, and determines that the evidence introduced at the hearing simply does not support the allegations contained in Plaintiff's amended complaint.

Accordingly,

## CONCLUSION

**IT IS RECOMMENDED** that plaintiff's claims against defendants, Richard Fewell, Sheriff; Deputy Shawn Oglesby; Deputy Alan Greene; Deputy Ernest Davis; and John Doe be **DISMISSED WITH PREJUDICE**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and F.R.C.P. Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections

within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 29th day of July, 2011.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE